IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMES DEWITT HUTCHINS, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 01-N-3321-NE
)
WARDEN BILLY MITCHEM; ATTORNEY )
GENERAL FOR THE STATE OF ALABAMA, )
)
Respondents. )

MEMORANDUM OF OPINION

On July 8, 2002, the Magistrate Judge's Findings and Recommendation was filed and entered. The magistrate judge recommended that the petition for writ of habeas corpus be dismissed as untimely.

On July 22, 2002, petitioner filed an objection. Petitioner argues that the limitation period should have been equitably tolled because petitioner lacked trained legal assistance, had limited knowledge of the law, and had limited access to research materials due to his incarceration. Lack of knowledge of the law does not justify equitable tolling. See *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001); *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997). Further, his lack of trained legal assistance does not justify equitable tolling. See, *Turner v. Johnson*, 177 F.3d 390, 391-2 (5th Cir. 1999)(limitation period not equitably tolled because of lack of representation during the applicable filing period), *cert. denied*, 528 U.S. 1007 (1999); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000)(an attorney's miscalculation of the limitations period or mistake is does not constitute an extraordinary circumstance warranting equitable tolling); *Helton v. Secretary for the Department*



*of Corrections*, 259 F.3d 1310 (11th Cir 2001)(incorrect advice by counsel as to when limitations period began to run does not justify equitable tolling), *cert. denied*, __ U.S. __, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). Limited access to research materials due to incarceration alone cannot be an extraordinary circumstance justifying equitable tolling or the limitation period would be meaningless. Further, petitioner has not presented any evidence "to support a connection between his untimely filing and alleged inadequacies in the prison library." *Helton*, 259 F.3d at 1314.

Petitioner argues that because the Eleventh Circuit has not decided whether there is an "actual innocence" exception to the one year statute of limitations, he "has a right to... a fair and i[m]partial jury of his peers. Petitioner is not entitled to a jury trial based on a petition for writ of habeas corpus. Petitioner had his jury trial during his criminal trial.

Petitioner further argues that the indictment charged him with selling cocaine to Michael Salomonski but the record reflects that Salomonski denied actually purchasing drugs from petitioner. At trial, Salomonski testified that petitioner refused to make the exchange directly with Salomonski insisting that Bill Gothard give petitioner the money and that Bill Gothard hand the cocaine to petitioner. (Tr. pp. 38, 44, 45, 54, and 55). It was clear from the testimony that Salomonski was present during the transactions and that petitioner was aware that Salomonski was the "real" purchaser/recipient. At any rate, this argument of petitioner does not go to the "actual innocence" exception but rather to the sufficiency of the indictment and evidence.

Petitioner's objections are due to be overruled. A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the 30th day of July, 2002.

 _____
 EDWIN L. NELSON
 UNITED STATES DISTRICT JUDGE